# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

**Robert Garland**,

    Plaintiff,

v.

    Case No. **09-CIV-051-RAW**

**Choctaw Casino**,

    Defendant.

## OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss [Docket No. 22]. Defendant argues this court has no jurisdiction over the Choctaw Casino due to sovereign immunity. Plaintiff has not filed a response.

Plaintiff, a black male, filed his pro se lawsuit against the Choctaw Casino alleging racial discrimination while he visited a casino in Idabel, Oklahoma. He claims he was harassed by casino security personnel about giving his personal address to a casino employee. Defendant claims the Choctaw Nation is the sole owner of the "Choctaw Casino" and that the court has no jurisdiction over these claims.

Federally recognized Indian tribes "possess the same immunity from suit traditionally enjoyed by sovereign powers." Walton v. Pueblo, 443 F.3d 1274, 1277 (10th Cir. 2006). Federal courts do not have jurisdiction to entertain suits against an Indian tribe, absent explicit waiver of immunity or express authorization by Congress. Id, at 1277. The only exception to this general rule is that federal courts have jurisdiction over habeas proceedings. Id., at

1278. None of these factors are present in the instant case. The court, therefore, agrees with the District of Kansas, which stated that "in the area of Indian law, the court must tread lightly." Hartman v. Golden Eagle Casino, Inc., 243 F.Supp.2d 1200 (D.Kansas 2003).

Based on Santa Clara Pueblo v. Martinez, 436 U.S. 49 (1978) and Kiowa Tribe of Okla. v. Manufacturing Technologies, Inc., 523 U.S. 751 (1998), this court does not have jurisdiction over the present lawsuit due to the tribe's sovereign immunity. The court does not take lightly the finality of this Order which dismisses Plaintiff's claims against the tribe. "It is true sovereign immunity may leave Plaintiff without legal redress on her employment discrimination claims. This is, however, not unprecedented." Medina v. Jicarilla Apache Housing Authority, 2007 WL 1176023 (D.N.M.), quoting Alden v. Maine, 527 U.S. 706, 757 (1999).

Defendant's Motion to Dismiss [Docket No. 22] is GRANTED. This matter is dismissed with prejudice.

Dated this 20th day of May, 2009.

**Dated this 20th Day of May 2009.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0

2